IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE JOHNSON,

    Plaintiff,                No. 2:08-CV-2046-RCF

    vs.

E. ROBINSON, et al.,

    Defendants.
_____/

<u>ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS</u>

<u>AND REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT</u>

<u>OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CURRENTLY</u>

<u>COGNIZABLE CLAIMS</u>

Plaintiff Duane Johnson is a state prisoner proceeding pro se. He seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. He also has filed an amended complaint, styled as an amended petition for a writ of habeas corpus.

I. Request to Proceed In Forma Pauperis

A prisoner who brings a civil action in forma pauperis must submit a certified copy of his

inmate account statement for the six month period immediately preceding the date he filed the complaint. *See* 28 U.S.C. § 1915(a)(2). Here, plaintiff failed to include the required filing fee or an appropriate application to proceed in forma pauperis when he filed his complaint on September 2, 2008, Docket No. 1 ("Complaint"), so this court ordered him to submit the filing fee or an application to proceed in forma pauperis on the court-approved in forma pauperis application form, Docket No. 3. This court received a completed application form with a certified prisoner account statement on October 7, 2008, but the certified account statement was for the six month period from March 23, 2008 through September 23, 2008, i.e., not the six months immediately preceding the filing of *the complaint* on September 2, 2008. Docket No. 5.

Although not strictly compliant with the statute, the court concludes any deficiency is immaterial. Plaintiff signed the in forma pauperis application form on September 19, 2008, and the trust account statement was completed by a prison official on September 23, 2008. It thus appears plaintiff could not control how the prison official generated the account statement. Any technical deficiency appears to have arisen from a prison official's literal compliance with this court's in forma pauperis application form, which instructs the official to focus on "the past six months" and therefore does not provide clear direction that the relevant six month period is from the filing of the complaint. Plaintiff is plainly unable to pay the full filing fee, because his account balance presently stands at $38.45, and he did not intentionally disregard this court's earlier order. Because plaintiff has submitted a declaration that substantially complies with the requirements of 28 U.S.C. § 1915(a), his request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Because plaintiff's average monthly balance for the six month period reflected in the account statement was $44.14 and his average monthly deposit during that period was $8.33, *see* Docket No. 5, an initial partial filing fee of $8.82 is assessed by this order. *See* 28 U.S.C. § 1915(b)(1) (requiring prisoners proceeding in forma pauperis to pay as an initial partial filing fee "20 percent of the greater of (A) the average monthly deposits to the prisoner's

account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint").

By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening of Complaint

This court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff filed a complaint on September 2, 2008, Docket No. 1 ("Complaint"), and on November 4, 2008 filed a document styled "Amended Petition to Original Petition for Habeas Corpus," Docket No. 7 ("Amended Complaint"), accompanied by a "Request to Amend Petition for Writ of Habeas Corpus," Docket. No. 6. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading as a matter of course before being served with a responsive pleading, so plaintiff properly amended his Complaint. This court must therefore determine whether the Amended Complaint, liberally construed, states a cognizable claim for relief with respect to each named defendant.

The Amended Complaint incorporates by reference the facts and allegations set forth in the Complaint. Amended Complaint, p. 1. Under Local Rule 15-220, without prior permission from the court to the contrary, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Because plaintiff is proceeding pro se and this local rule had not been brought to his attention before he filed the Amended Complaint, the court will allow plaintiff's incorporation by reference to stand and will determine whether the Complaint and Amended Complaint together state cognizable claims.

The Complaint named only correctional officer E. Robinson as a defendant. Read together with the Amended Complaint, plaintiff alleges Robinson retaliated against him for filing administrative grievances, in violation of the First Amendment, and that Robinson's visual body cavity search of plaintiff and subsequent suspension of plaintiff's fiancee's visitation privileges violated his Eighth Amendment and Fourteenth Amendment Due Process rights and also violated California law. The Amended Complaint adds as defendants to this action correctional officer S. Feudner, Sergeant B. Clark, Lieutenant S. Peterson and Captain R. Cappel, alleging they retaliated against plaintiff for filing this lawsuit.

A.  Defendant Robinson

The court has reviewed the Amended Complaint and determined that it articulates one cognizable claim against Robinson under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) for retaliation in violation of plaintiff's First Amendment rights, but has failed to state cognizable claims for violations of plaintiff's Eighth and Fourteenth Amendment rights or of California law.

1.  *First Amendment Retaliation*

Plaintiff alleges Robinson singled plaintiff out for a body cavity search, falsely accused him of smuggling contraband and caused plaintiff's fiancee's visiting privileges to be revoked in retaliation for plaintiff's instruction to his fiancee to file an administrative grievance to ensure she could visit plaintiff after having been barred from visiting plaintiff on a prior occasion. These allegations are sufficient to state a cognizable First Amendment retaliation claim against

4

Robinson. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

2. *Eighth Amendment*

The Amended Complaint does not state a cognizable claim against Robinson under the Eighth Amendment. To establish an Eighth Amendment violation, an inmate must show prison officials inflicted pain on an inmate "maliciously and sadistically for the very purpose of causing harm" or demonstrated deliberate indifference to the conditions of confinement. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (internal quotation marks omitted). Moreover, plaintiff must establish the prison official acted with a sufficiently culpable state of mind *and* the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

Plaintiff's allegations establish Robinson acted with a sufficiently culpable state of mind, but they do not identify conduct objectively harmful enough to establish a constitutional violation. Although plaintiff alleges the visual body cavity inspection made him "uncomfortable due to the stressful, painful, and undue suffering," Robinson merely required plaintiff to "bend over at the waist to open his anal cavity" and then "shined his flashlight into plaintiff's anal cavity." Complaint, p. 2. The Ninth Circuit has repeatedly upheld the reasonableness of visual body cavity searches performed in this manner, *see, e.g., Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988), and has specifically held multiple visual body cavity searches of a male inmate by female guards were not cruel and unusual punishment, even where the female guards made derogatory comments while the inmate was naked, *see Somers v. Thurman*, 109 F.3d 614, 622-23 (9th Cir. 1997). Although the Ninth Circuit has recognized that body cavity searches

5

can, in certain circumstances, violate an inmate's Eighth Amendment rights, those situations involved highly invasive clothed body searches by male guards of female prisoners, *see Jordan v. Gardner*, 986 F.2d 1521, 1430-31 (9th Cir. 1993) (en banc), and digital rectal searches in a public hallway by untrained staff in unsanitary conditions, *see Vaughn v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988). The facts in those cases are significantly more egregious than the visual body cavity search at issue here, such that finding this search "violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd." *Somers*, 109 F.3d at 623-24. Finally, plaintiff has not alleged that restriction of visitation by his fiancee caused him any pain. Even if plaintiff did include such allegations, prisoners have no absolute right to visitation, *see Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989), so restricting something that prisons are not obligated to afford prisoners does not constitute cruel and unusual punishment.

### 3. *Fourteenth Amendment*

The Amended Complaint does not state cognizable claims against Robinson under the Fourteenth Amendment's Due Process Clause. "The Fourteenth Amendment prohibits prison officials from treating prisoners in a fashion so brutal and offensive to human dignity as to shock the conscience." *Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997) (internal quotation marks omitted). "Nothing in [plaintiff's allegations] gives rise to a claim of brutality or force," because Robinson "did not touch plaintiff, nor did [the visual body cavity search] subject him to possible injury." *Id*. Similarly, restricting visitation for a limited period, *see* Amended Complaint, p. 3 (alleging plaintiff's fiancee's visitation privileges were reinstated in time for their marriage one month later), even for arbitrary reasons, is not such brutal conduct that it shocks the conscience. *See Kentucky Dep't of Corrections*, 490 U.S. at 461 (noting prisoners have not right to unfettered visitation).

### 4. *California law*

The Amended Complaint does not state cognizable claims against Robinson under

6

California law. To state a claim against a public employee for damages arising from action taken in the scope of public employment, the complaint must allege plaintiff's compliance with California's Tort Claims Act, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988), which requires that a claim for damages against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues, *see* Cal. Gov't Code §§ 905, 910, 945.4, 950.2 (2009). The Amended Complaint does not allege such compliance and therefore fails to state a cognizable claim against Robinson under California law.

Additionally, plaintiff alleges a claim for relief based on Robinson's alleged harassment, causing stress and unnecessary pain and suffering prohibited by California law. Complaint, p. 4. This does not set forth a legal claim, because it does not identify which provisions of state law were allegedly violated, be they the California Constitution, state statutes or state common law. Plaintiff bears the burden of notifying defendants and the court of the legal basis for his claims, *see* Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and *the grounds upon which it rests*" (emphasis added)), and the court declines to speculate what the legal basis for the state law claim plaintiff is attempting articulate may be.

The court notes, however, the caption heading is "Federal Due Process," so it is possible plaintiff intended to allege violations of his state due process rights. *See* Complaint, p. 4. The California constitution protects against violations of due process. *See* Cal. Const. Art. 1, § 7. Nonetheless, the factual allegations in the Amended Complaint do not identify any procedural due process violations, and this court cannot identify any basis in California law under which a prisoner enjoys substantive protections from visual body cavity searches or restrictions of visitation privileges under the state constitution's due process clause.

B. Additional Defendants

The Amended Complaint does not state cognizable claims against the additional defendants.

1. *Defendant Feudner*

Plaintiff alleges defendant Feudner retaliated against him for filing this lawsuit against Robinson, by filing a report falsely accusing plaintiff of dealing drugs that led to plaintiff's transfer to an administrative segregation unit. Amended Complaint, p. 1, 3. Although these allegations state a cognizable retaliation claim, plaintiff has not demonstrated that he exhausted administrative remedies for this claim, as required by 42 U.S.C. 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The grievance materials plaintiff appended to his Complaint pertain only to Robinson's conduct during the body cavity search and subsequent revocation of visitation privileges, and that grievance procedure was completed before this lawsuit was filed. Accordingly, plaintiff's grievance against Robinson could not have put prison officials on notice about Feudner's alleged retaliation, and plaintiff has not alleged or provided documentation that he completed the prison's administrative grievance procedure related to his transfer to administrative segregation triggered by Feudner's drug dealing allegation against him. *See Griffin v. Arpaio*, __ F.3d __, 2009 WL 539982 (9th Cir. Mar. 5, 2009) (adopting the standard from *Strong v. David*, 297 F.3d 646, 650 (7th Cir.2002), under which a grievance suffices to exhaust remedies if it alerts the prison to the nature of the wrong for which redress is sought).

2. *Defendants Clark, Peterson and Cappel*

The Amended Complaint also alleges defendants Clark, Peterson and Cappel, as the supervisors of defendants Johnson and Feudner, allowed those two defendants to retaliate against plaintiff for filing this lawsuit. These allegations are insufficient to state a cognizable claim for

8

retaliation in violation of plaintiff's First Amendment rights. The amended complaint does not allege these supervisory defendants were aware defendants Johnson and Feudner took adverse action against plaintiff *because of* his protected conduct (filing this lawsuit) or themselves approved the adverse action as a reprisal for plaintiff's protected conduct, and supervisory officials are generally not liable for actions by subordinates under § 1983. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). Moreover, just as the claim against Feudner appears to be barred under 42 U.S.C. § 1997(e) as unexhausted, claims against these supervisory defendants also appear to be barred as unexhausted.

      C.     <u>Request for Habeas Corpus Relief</u>

The Amended Complaint indicates plaintiff also seeks a writ of habeas corpus. A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the fact or length of confinement, but is the appropriate federal remedy when a prisoner seeks to alter his release date after it was delayed by prison officials' allegedly unconstitutional conduct. *See Ramirez v. Galaza*, 334 F.3d 850, 855 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Liberally construed, the Amended Complaint alleges Robinson's filing of the violation report following the visual body cavity search resulted in loss of 30 days good time credit and seeks declaratory relief for reinstatement of lost credit. Complaint, pp. 5, 7, 15. Because plaintiff alleges Robinson's unconstitutional conduct will result in a longer term of confinement, this might present a valid basis for habeas corpus relief. *See Ramirez*, 334 F.3d at 855.

Federal courts, however, cannot grant an application for a writ of habeas corpus on behalf of a person in state custody unless the applicant has exhausted the post-conviction remedies available in state court. *See* 28 U.S.C. § 2254(b)(1); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process." (internal quotation marks omitted)). It does not appear plaintiff has

sought any relief from state courts for reinstatement of lost good time credit, so he has not presented a cognizable claim for habeas relief.

D. Conclusion

The court finds plaintiff's Amended Complaint states a claim for relief under § 1983 against defendant Robinson for retaliation, in violation of the First Amendment. The Amended Complaint does not, however, contain any other claims upon which relief may be granted under § 1983 or state law against Robinson or against the other defendants. The court will provide plaintiff with the opportunity to file an amended complaint within 30 days of the service date of this order, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendant Robinson on the retaliation claim, he must notify the court in writing within 30 days of the service date of this order. The court will then enter an order dismissing the remaining claims and defendants from this action and directing the Clerk to forward plaintiff the necessary materials for him to complete so the court can direct the United States Marshal to initiate service of process on defendant Robinson.

If plaintiff does wish to amend his complaint, he is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading, absent court permission to the contrary. Although the court excused the Amended Complaint's incorporation by reference of allegations in the Complaint, the court will not do so again. Accordingly, if plaintiff elects to amend his complaint further, each claim and the involvement of each defendant must be sufficiently alleged, without reference to the Complaint or Amended Complaint.

* * *

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this

| | | |
|---|---|---|
| 1 | | action. Plaintiff is assessed an initial partial filing fee of $8.82. The |
| 2 | | fee shall be collected and paid in accordance with this court's order regarding the |
| 3 | | payment of fees to the Director of the California Department of Corrections and |
| 4 | | Rehabilitation, filed concurrently with this order. |
| 5 | 3. | The Clerk's Office shall send plaintiff a civil rights complaint form. |
| 6 | 4. | Within **30 days** from the date of service of this order, plaintiff |
| 7 | | must either: |
| 8 | a. | File an amended complaint curing the deficiencies identified by |
| 9 | | the court in this order, or |
| 10 | b. | Notify the court in writing that he does not wish to file an amended |
| 11 | | complaint and wishes to proceed only against defendant Robinson on the |
| 12 | | retaliation claim. |
| 13 | 5. | If plaintiff fails to comply with this order, this action will be dismissed for failure |
| 14 | | to comply with a court order. |

DATED: March 20, 2009

/s/ Raymond C. Fisher

UNITED STATES CIRCUIT JUDGE
Sitting by Designation