IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE JOHNSON, | No. 2:08-CV-2046 RCF (P) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| E. ROBINSON, | |
| Defendant. | |

### I. Procedural History

Duane Johnson is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This action is proceeding on Johnson's amended complaint filed November 4, 2008, as screened by order of this Court entered March 20, 2009, against defendant Robinson for retaliation in violation of the First Amendment after Johnson initiated administrative grievances. (Docket Nos. 7, 10, 16.)

On February 19, 2010 defendants filed a motion for summary judgment. (Docket No. 34.) On February 23, 2010 the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket No. 37; *see also* Docket No. 20.) *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); *Klingele v.*

1

*Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion, that failure to oppose such a motion might be deemed a waiver of opposition to the motion, and specifically that "waiver of opposition to defendant(s)' motion might result in the entry of summary judgment against plaintiff."

On March 3, 2010, plaintiff filed a motion for extension of time to file a response to defendant's motion for summary judgment.  (Docket No. 41.)  In an order filed March 15, 2010, the Court granted that motion in part and extended the deadline for any opposition to April 6, 2010.  (Docket No. 42.)  On March 25, 2010, the court received further correspondence from plaintiff regarding the deadline for summary judgment.  (Docket No. 43.)  In an order filed March 29, 2010, the Court construed that correspondence as a second motion for extension of time to file a response to defendant's motion for summary judgment and denied it *without prejudice*, explaining that plaintiff had failed to support it with any factual explanation as to why plaintiff could not prepare and file an opposition.  (Docket No. 44.)  The Court has since received no correspondence from plaintiff, and in particular plaintiff has not sought a further extension of time or attempted to provide the factual explanation that was lacking in his previous request.

## II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider or by specifically referencing any other portions of the record they wish the Court to consider. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

//

//

### III.  First Amendment Claim for Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 -568 (9th Cir. 2005).

The adverse actions Johnson has alleged are an unclothed body search and unspecified "harass[ment]" and "reprisals" thereafter. Robinson has submitted a sworn declaration denying any retaliatory motive for the search. (Docket No. 35.) Johnson has pointed the Court to no evidence of a retaliatory motive. In addition, Robinson has introduced evidence that when he conducted an unclothed body search of Johnson he reasonably did so to advance a legitimate correctional goal -- namely to prevent the introduction of contraband into the prison after observing Johnson's suspicious hand movements. (Docket No. 35.) Johnson has introduced no evidence that would place that declaration in dispute. Although Johnson's amended complaint generally alleged that Robinson subjected him to further "reprisals" and "harass[ment]," *see* Docket No. 7 (amended complaint), Robinson has denied any such adverse actions, *see* Docket No. 22 (answer), and Johnson has failed to carry his burden of introducing evidence to substantiate those allegations. *See* Fed. R. Civ. Proc. 56(b).[1]

### V. Conclusion

Johnson has not submitted any evidence raising a triable issue of fact on his claim that Robinson retaliated against him in violation of the First Amendment. Therefore, defendant Robinson is entitled to judgment as a matter of law. It is hereby ordered that:

1. Defendant's motion for summary judgment, filed February 19, 2010 (Docket No. 34) is GRANTED.

2. The Clerk of the Court shall enter judgment for defendant Robinson and against

---

[1] Defendant's motion for summary judgment also raises an alternative argument regarding exhaustion. *See* 42 U.S.C. § 1997e(a). The Court does not reach that argument.

1  plaintiff Johnson in accordance with this order, dismiss all pending motions as moot or without
2  merit and close the file.
3       IT IS SO ORDERED.
4       **Dated:   May 6, 2010**                  /s/ **Raymond C. Fisher**
                                                              UNITED STATES CIRCUIT JUDGE
5                                                                Sitting by Designation